[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 13, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-12377
Non-Argument Calendar

_____

D. C. Docket No. 04-00214-CR-JOF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERTO JIMENEZ-NAJERA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(September 13, 2006)**

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Alberto Jimenez-Najera appeals his 211-month total sentence

imposed after a jury convicted him for conspiracy to possess cocaine with intent to

distribute, in violation of 21 U.S.C. § 846; possession of cocaine with intent to distribute, in violation of 21 U.S.C. §841(a)(1) and (b)(1)(A)(ii) and 18 U.S.C. § 2; and possession of a firearm during and in relation to a drug crime, in violation of 18 U.S.C. § 924(c). He raises three arguments on appeal: (1) the district court abused its discretion by admitting evidence at trial, under Fed.R.Evid. 404(b), that methamphetamine was found in his bedroom; (2) the district court clearly erred in applying a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1 in calculating his advisory Guidelines range; and (3) his sentence is unreasonable under the advisory Guidelines scheme and *United States v. Booker*, 125 S. Ct. 738 (2005). We affirm.

The parties are familiar with the background facts, and we do not recount them here. First, we address Appellant's argument that the district court abused its discretion by admitting evidence of the methamphetamine under Rule 404(b). "We review the district court's rulings on admission of evidence for an abuse of discretion." *United States v. Jiminez*, 224 F.3d 1243, 1249 (11th Cir. 2000).

Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Nevertheless, such evidence may be used for other purposes if: (1) it is relevant to an issue other than the defendant's character; (2) there is sufficient

proof from which a jury could find the defendant committed the extrinsic act; and (3) the evidence possesses probative value that is not substantially outweighed by its undue prejudice and it meets the other requirements of Rule 403. *United States v. Matthews*, 431 F.3d 1296, 1310-11 (11th Cir. 2005).

As to the first prong of the Rule 404(b) test articulated above, we have held that "[a] defendant who enters a not guilty plea makes intent a material issue, imposing a substantial burden on the government to prove intent; the government may meet this burden with qualifying 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue." *United States v. Delgado*, 56 F.3d 1357, 1365 (11th Cir. 1995). As to the second prong, we must determine whether the Government presented evidence at trial that was adequate to support a finding that the defendant committed the extrinsic act. *United States v. Calderon*, 127 F.3d 1314, 1331-32 (11th Cir. 1997). And as to the third prong, we have noted that evidence of prior drug dealings is highly probative of intent to distribute a controlled substance. *United States v. Cardenas*, 895 F.2d 1338, 1344 (11th Cir. 1990). Whether the probative value of evidence is substantially outweighed by its prejudicial impact "lies within the sound discretion of the district judge." *United States v. Jernigan*, 341 F.3d 1273, 1282 (11th Cir. 2003) (citation and internal quotations omitted).

In this case, the district court did not abuse its discretion by admitting evidence of the methamphetamine under Rule 404(b). Under the first prong of our Rule 404(b) analysis, we hold the evidence was relevant to show Appellant's intent to distribute the drugs, as charged in the indictment, and as disputed by him at trial. *See Delgado*, 56 F.3d at 1365. Turning to the second prong, we conclude the Government presented sufficient evidence to support a finding that Appellant possessed the methamphetamine. *See Calderon*, 127 F.3d at 1331-32. Finally, as to the third prong, we determine Appellant failed to demonstrate that the probative value of this evidence was substantially outweighed by its prejudicial impact. *See Cardenas*, 895 F.2d at 1344. We therefore find no abuse of discretion in this respect.

Second, we conclude the district court did not clearly err in applying a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1. In reviewing the imposition of an enhancement for obstruction of justice under § 3C1.1, we review the district court's factual findings for clear error and its application of the Guidelines to those facts de novo. *United States v. Massey*, 443 F.3d 814, 818 (11th Cir. 2006).

Section 3C1.1 of the Guidelines provides for a two-level enhancement if: "(A) the defendant willfully obstructed or impeded, or attempted to obstruct or

4

impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense." Perjury is one example of conduct meriting a § 3C1.1 enhancement. U.S.S.G. § 3C1.1 cmt. n.4(b).

The Supreme Court has held that "if a defendant objects to a sentence enhancement resulting from h[is] trial testimony, a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice." *United States v. Dunnigan*, 113 S. Ct. 1111, 1117 (1993). The district court's determination that the enhancement is required is sufficient if "the court makes a finding of an obstruction of, or impediment to, justice that encompasses all of the factual predicates for a finding of perjury." *Id.* at 1117. Perjury occurs when a witness testifying under oath "gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *Id.* at 1116.

Here, a jury convicted Appellant of the charges set forth in the indictment, and, therefore, disbelieved his testimony that he did not conspire to sell cocaine and was unaware of the drug activity that took place in his presence on the date

specified in the indictment. *See* 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(ii). It thus follows that Appellant's trial testimony, given under oath, was perjured, particularly where it was directly contrary to the testimony of other witnesses and did not appear to be the result of mistake or confusion. *See Dunnigan*, 113 S.Ct. at 1116-17. Thus, the district court did not clearly err in finding that Appellant perjured himself or in applying the two-level enhancement based upon that finding.

Finally, we reject Appellant's contention that his sentence is unreasonable under the advisory Guidelines scheme and *Booker*. Following *Booker*, the district court must first accurately calculate the advisory Guidelines range, and then it "may impose a more severe or more lenient sentence" after considering the § 3553(a) factors. *United States v. Crawford*, 407 F.3d 1174, 1179 (11th Cir. 2005). We review a final sentence under the advisory Guidelines for reasonableness. *Crawford*, 407 F.3d at 1179. Although a sentence within the advisory Guidelines range is not per se reasonable, "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

At sentencing, the district court gave Appellant the opportunity to present mitigating factors and to "suggest what [his] sentence ought to be."[1] Appellant responded by requesting a sentence below the advisory Guidelines range, citing a codefendant's sentence of approximately four years. The district court rejected Appellant's request for a sentence below the advisory Guidelines range, stating it had considered his statements as well as the advisory Guidelines range, and determined that a sentence within that range was appropriate given the seriousness of the crime and the amount of drugs involved. We thus conclude the district court did not err in conducting its reasonableness inquiry. *See United States v. Winingear*, 422 F.3d 1241, 1246 (11th Cir. 2005); *Booker*, 125 S.Ct. at 766; 18 U.S.C. § 3553(a). Moreover, after reviewing the record, the sentencing transcript, and the parties' briefs, we hold Appellant's 211-month total sentence is reasonable. *See Winingear*, 422 F.3d at 1246; 18 U.S.C. § 3553(a).

For the foregoing reasons, we affirm Appellant's conviction and sentence.

**AFFIRMED.**

---

[1] Appellant's assertion that the district court impermissibly required him to convince it to impose a sentence below the advisory Guidelines range lacks merit. The district court's statements during the sentencing hearing merely indicate it requested, considered, and rejected his mitigation-related arguments while conducting its evaluation of the § 3553(a) factors. *See Crawford*, 407 F.3d at 1179.